UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK TENNYSON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:18-CV-0119 |
| | § | |
| HARRIS COUNTY, TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM AND ORDER**

Before the Court are motions for summary judgment filed by Harris County, Texas [DE 48] and the individual defendants [DE 50], and the plaintiff's consolidated response to the motions [DE 52]. The Court has reviewed the motions, the response and arguments contained and, after a careful review, determines that Harris County's motion should be granted and that certain individual defendants' motions should be denied.

**I.**

The plaintiff, Mark Tennyson, brought this suit against defendants Harris County, Texas and individuals Elvia Villarreal, Precious Williams, Michael Alston, Rene Garcia, Kendrick Handy, Terry Sanders, Jerome Ramon, Cassandra Amie, Joash Butler, Ron Hickman and John and Jane Does 1-10, as an inmate for violation of his civil rights, while detained in the Harris County jail, pursuant to 42 U.S.C. §§1983, 1985.

The facts, as stated by the plaintiff that give rise to this suit occurred on or about March 3, 2016, when the plaintiff and "eight other inmates" were called out of their pod(s) for allegedly "rapping and/or talking loudly". Officer Villarreal responded to the noise and called several others officers to assist in conducting an investigation into the source of the noise. The plaintiff asserts that after they were removed from their cells, they were told to face the wall. As he was

facing the wall, he told officer Villarreal that she had the wrong people and that she was engaging a discriminatory investigation by focusing only on African American inmates. According to the plaintiff, before he completed his remarks, another unknown officer approached him from behind "grabbing and twisting [his] arm with his body against the wall, then slammed [him] to the [floor]". The impact from hitting the floor, he contends, caused his shoulder to dislocated resulting in severe pain due to the dislocation.

After being handcuffed, he requested medical attention for his shoulder, but was ignored by the attending officers. He was escorted to an isolation tank cell where he continued to request medical attention. The handcuffs were not immediately removed; however, and he did not receive medical attention until the following morning.

## II.

The following morning, the plaintiff was examined by a physician who diagnosed a shoulder dislocation, ordered x-rays and a sling to stabilize his shoulder. The doctor also prescribed pain medication and entered an order that the plaintiff's bunk assignment be changed to a lower bunk. After the shoulder was "popped" in place, the plaintiff returned to his cell and received prescribed medication for pain for several weeks.

## PART I

### Harris County Liability

The plaintiff asserts that Harris County violated his civil rights by: (a) adopting or permitting to exist a wide-spread policy that permits its deputies to use excessive force against inmates, falsifying reports and failing to provide timely and adequate medical attention.; (b) failing to train, supervise and discipline its officers concerning their duty to avoid violating

citizens' rights; and (c) failing to adequately investigate complaints of misconduct, thereby ratifying the officers' illegal conduct.

Harris County is a governmental entity and as such is subject to liability under § 1983. *See Monell v. Dep't of Social Svcs of City of New York*, 436 U.S. 658, 690 (1978). To establish municipal liability under § 1983, a plaintiff must establish (a) the existence of an official policy, custom or practice; (b) of which a municipal policymaker can be charged with actual or constructive knowledge; and (c) that it was the moving force causing the constitutional violation. *Cox v. City of Dallas,* 430 F.3d 734, 748 (5th Cir. 2005).

Although the plaintiff's injury was not minor, as "argued" by Harris County, the plaintiff's claims against Harris County, nevertheless, fail. There is no evidence that Harris County adopted an official policy or that a policy exists out of customs or practices permitting the violation of an inmate's constitutional right to be free from the use of excessive force by jail staff.

The plaintiff suggests that a study conducted by the Houston Chronicle supports his claim. The fact that a Chronicle investigation revealed that only half of the complaints from inmates concerning brutal treatment, result in disciplinary actions against jail staff, does not establish that a policy has been adopted or permitted by Harris County that encourages or permits jail staff to violate inmates' constitutional right.

On the contrary, the opposite is established. The fact that discipline was meted out in over 500 investigations supports a finding that the plaintiff's claim is unfounded. Therefore, this claim fails. Also, the plaintiff's claim of ratification by Harris County policymakers fails as a matter of law. There is no evidence establishing a pattern of use of excessive force or ratification

by avoidance exists. Therefore, the plaintiff's claim that a policy was in place that permits and/or supports a violation of s § 1983, is unfounded. *Cox,* 430 F.3d at 748.

The plaintiff's claim of deliberate indifference as it relates to his medical needs, whether against Harris County or the jail staff, also fails. The plaintiff was seen by a physician within 24 hours of his injury; x-rays were performed indicating a dislocated shoulder and the dislocated shoulder, except for pain and time to heal, was remediated. The evidence of the seriousness of the injury was uncovered through diagnostic testing because there was no apparent and openly visible wound that a layperson might recognize. Nevertheless, the fact that the plaintiff received treatment within 24 hours establishes that the injury did not pose a serious risk of harm or result in a risk to life or limb. *See Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). The plaintiff's claim concerning lack of medical treatment or timely treatment fails.

Summary judgment is appropriate where a plaintiff fails to make a sufficient showing of an essential element to his case on which he bears the burden. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986); *Curtis v. Anthony*, 710 F.3d 587, 594 (5th Cir. 2013). Here, the evidence is undisputed that the plaintiff received timely and appropriate medical treatment. Summary judgment should, therefore, be granted in behalf of Harris County and the individual jail staff defendants on the medical claim(s).

The plaintiff's civil rights claims against Harris County are dismissed. As well, the Court dismisses the plaintiff's state law claims under the Tort Claims Act and claim for exemplary damages against Harris County. The Tort Claims Act does not apply to the facts of this case. *See* [Tex. Civ. Prac. & Rem. Code §§ 101.021, 101.024], and there is no factual basis for exemplary damages.

**PART II**

**The Individual Defendants**

The plaintiff asserts the same claims of excessive force, denial of medical care and exemplary damages against several individual jail staff. In addition, he adds the claims of conspiracy and failure to intervene. The plaintiff's failure to intervene fails because, by his own account of the handcuffing event, only one staff person took him to the floor, although, according to the plaintiff, others joined afterward to effect the handcuffing. This evidence, in its best light, does not support the view that any basis existed for a failure to intervene claim. Specifically, the plaintiff does not assert that the handcuffing event was unfounded – only that it was handled with excessive force and contrived. Instead, he argues that they were African Americans and were singled out. Be that as it may, it was not inappropriate to handcuff an inmate when moving him from one cell to another. Again, there are no facts plead that give rise to a circumstance where intervention was necessary.

The defendant's claim that the plaintiff was not taken to the floor and that they did not commit any act that caused the plaintiff's alleged injury. The disputed evidence shows that an injury was suffered by the plaintiff. The fact that jail staff stated that the plaintiff did not resist the officer(s) who handcuffed him, and that no take down occurred, simply creates a disputed fact issue. The jail staff statements also give rise to the plaintiff's conspiracy claim. Ironically, no jail staffer takes credit for handcuffing the plaintiff. Their harmonious statements give rise to two conclusions, either the jail staff is being untruthful and covering for each other, or the events transpired as they "collectively" state. However, someone handcuffed the plaintiff and that conduct gives rise to the issue of the force used. Because no one admits to handcuffing the

plaintiff, the collective conduct (statements) form the basis for the plaintiff's claim for conspiracy. In any wise, the evidence is disputed and summary judgment is unavailable.

Based on the foregoing discussion and analysis, the individual jail staff's motion for summary judgment is granted in part. The claims for "denial of medical care" and "failure to intervene" are DISMISSED, the claims for "excessive force" and "conspiracy" remain. In other respects, the motion is DENIED.

It is so Ordered.

SIGNED on this 17th day of May, 2019.

_____
Kenneth M. Hoyt
United States District Judge